

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 22, 1947

Hon. John J. Bell, Chairman
Committee on State Affairs
House of Representatives
Austin, Texas                    Opinion No. V-156

Re: Whether Section 62b,
Article XVI of the
Constitution is self-
Dear Mr. Bell:                    executing.

Your request for an opinion of this Depart-
ment is substantially as follows:

"Is Section 62b, Article 16 of the
Constitution, self-enacting, or before same
can become effective will it be necessary
for the Legislature to pass an enabling Act?"

Section 62b, Article XVI of the Constitution
of the State of Texas, is as follows:

"(b) Each county shall have the right
to provide for and administer a Retirement,
Disability and Death Compensation Fund for
the appointive officers and employees of the
county; provided same is authorized by a
majority vote of the qualified voters of
such county and after such election has
been advertised by being published in at
least one newspaper of general circulation
in said county once each week for four con-
secutive weeks; provided that the amount
contributed by the county to such Fund
shall equal the amount paid for the same
purposes from the income of each such person,
and shall not exceed at any time five per
centum (5%) of the compensation paid to
each person by the county, and shall in
no one year exceed the sum of One Hundred
and Eighty Dollars ($180) for any such
person.

"All funds provided from the compensation of each such person, or by the county, for such Retirement, Disability and Death Compensation Fund, as are received by the county, shall be invested in bonds of the United States, the State of Texas, or counties or cities of this State, or in bonds issued by any agency of the United States Government, the payment of the principal of and interest on which is guaranteed by the United States, provided that a sufficient amount of said funds shall be kept on hand to meet the immediate payment of the amount likely to become due each year out of said Fund, such amount of funds to be kept on hand to be determined by the agency which may be provided by law to administer said Fund; and provided that the recipients of benefits from said Fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas, unless the Fund, the creation of which is provided for herein, contributed by the county, is released to the State of Texas as a condition to receiving such other pension aid."

The above constitutional amendment was proposed by House Joint Resolution No. 10 of the 49th Legislature, R. S., 1945, and was favorably voted upon at the General Election held in November, 1946.

The constitutional amendment under consideration clearly indicates that each county shall have the right to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the county, provided the same is authorized by a majority vote of the qualified voters of such county.

While a Constitution is usually a mere declaration of principles of organic and fundamental law, in such fashion that a constitutional provision may be established and yet remain without force or activity until the adoption of legislation which carries it into effect, yet it is entirely within the power of the people to adopt provisions which are "self-executing" or which are operative without legislation. (9 Tex. Jur., p. 423; Aston vs. Allison, 91 S. W. (2) 852)

The rule as to self-enacting amendments is announced in 11 American Jurisprudence, page 691, as follows:

"A constitutional provision is self-executing if it supplies a sufficient rule by means of which the right which it grants may be enjoyed and protected, or the duty which it imposes may be enforced, without the aid of legislative enactment. In other words, it must be regarded as self-executing if the nature and extent of the right conferred and the liability imposed are fixed by the Constitution itself, so that they can be determined by an examination and construction of its terms, and there is no language indicating that the subject is referred to the legislature for action."

A similar rule is found in 16 Corpus Juris Secundum, Section 48, as follows:

"A constitutional provision is self-executing when it can be given effect without the aid of legislation and there is nothing to indicate that legislation is contemplated in order to render it operative; constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect and no ancillary legislation is necessary to the enjoyment of a right given."

In Opinion No. O-6822, dated September 22, 1945, this Department held as follows:

"It is the opinion of this Department that the recent amendment known as Section 51a of Article III of the Constitution is self-enacting, and that there is no part of the amendment which will require an enabling statute to make it self-operating.

" . . . .

"Constitutions, whether the same be of the self-enacting type specifically declaring a rule of law, or of the type requiring a

legislative enabling act to make effective
a mere constitutional declaration of prin-
ciple, are usually written in brief style,
and in simple, clear and understandable
terms.  They are always to be given a lib-
eral construction, with a view of carrying
out the will and purpose of the people in
adopting it.

"  . . . .

"We have given to the amendment a
liberal construction, having in mind the
accomplishing of the plain purpose for
which it was drafted and adopted.  To
hold otherwise would be, we think, to
lose sight of the spirit -- the essense
-- of the fundamental law, and this would
be fatal to sound construction."

In conformity with the general principles
above stated, it will be seen that the amendment
leaves no doubt as to the purpose for which intended
and presents an effective mandate.  Subject to the
limitation of submitting the same to the qualified
voters of each county, it is the opinion of this De-
partment that the constitutional amendment under con-
sideration is self-executing and there is no part of
the same which will require enabling legislation to
make it operative.  The amendment goes beyond a dec-
laration of principles and supplies a sufficient rule
to carry the mandate of the people into effect.

## SUMMARY

Section 62b, Article XVI, of the Con-
stitution of the State of Texas, authoriz-
ing retirement and insurance programs for
county employees upon a majority vote of
the qualified voters of each county, is

self-executing, and enabling legislation
is not necessary to make it operative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By        *Burnell Waldrep*

Burnell Waldrep
Assistant

APPROVED APR. 22, 1947

*Price Daniel*

ATTORNEY GENERAL

BW:djm:mrj